# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT O. HAYDEN,

        Petitioner,   :   Case No. 3:16-cv-286

 - vs -          District Judge Walter Herbert Rice
                                           Magistrate Judge Michael R. Merz

GARY MOHR, Director,
 Ohio Department of Rehabilitation
 And Corrections,

                                                        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As with all post-judgment attacks on criminal convictions filed at the Dayton seat of court, it has been referred to the undersigned pursuant to General Order Day 13-01.

Mr. Hayden pleads one ground for relief:

> **Ground One:** Petitioner is being held illegal [sic] and being denied his personal liberty, a violation of the constitutions.
>
> **Supporting Facts:** The record will show that on May 14, 1990, Petitioner was sentence[d] to not less than 10 years and no more than 25 years actual with specification due to his Reform School Sentence. Petitioner's sentence expired on March 30, 2015, the

> full 25 years actual. (See sentencing hearing attached.) These facts is [sic] further supported by the journal entry attached hereto. The court gave oral pronouncement of the sentence after being found guilty of rape.

(Petition, ECF No. 1, PageID 5.)

**Procedural History**

Mr. Hayden has attached a transcript of his sentencing in the Montgomery County Common Pleas Court on May 14, 1990, which shows that Judge Richard Dodge found him guilty of one count of rape with the specification that he had previously been convicted of one count of attempted rape in the same court in its Case No. 84-CR-1116 (ECF No. 1-1, PageID 16-20). Also attached is the termination entry in the prior case which shows that Judge William McMillan sentenced to imprisonment for five to fifteen years. *Id.* at PageID 21.

On October 23, 2014, Carla Black of the Bureau of Sentence Computation explained to Mr. Hayden, because he committed the second crime while on parole for the first, under Ohio law, in the absence of an express directive to the contrary from the second sentencing judge, the two sentences would automatically be run consecutively under Ohio law, making the expiration date of the sentence March 30, 2024. *Id.* at PageID 22.

Mr. Hayden was apparently aware of this problem earlier, because he filed a Motion to Correct Sentence in the Montgomery County Common Pleas Court on November 19, 2012, which was heard by Judge Frances McGee. She decided in substance that the Bureau of Sentence Computation was correct and the sentence in the 1990 case would run consecutively to the sentence in the 1984 case. *Id.* at PageID 28. Hayden appealed from Judge McGee's

2

decision, but did not raise this claim as an assignment of error.  *State v. Hayden*, 2015-Ohio-3262, 2015 Ohio App. LEXIS 3184 (2nd Dist. Aug. 14, 2015).  Hayden filed an original petition in habeas corpus in the Ohio Supreme Court which was denied, *sua sponte* and without opinion, on March 9, 2016.  *State ex rel Hayden v. Moher* [sic], 145 Ohio St. 3d 1406 (2016).

## ANALYSIS

Mr. Hayden's Petition is without merit. He argues correctly that only a judge may pronounce a sentence of imprisonment in the United States and Judge Dodge only sentenced him to a maximum of twenty-five years.  That is plainly true and it is self-evident that more than twenty-five years have expired since May 14, 1990.  However, it is also true from the record that Judge McMillan had previously sentenced Hayden to five to ten years, that he was still on parole for that conviction when the second conviction occurred.  It is a question of Ohio law whether in circumstances such as this the sentence on the original crime runs concurrently or consecutively with the sentence on the second crime.  Judge McGee's decision that it is automatically consecutive when the sentencing entry in the second case is silent is a decision of Ohio law.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Imposition of consecutive sentences for multiple offenses, based on facts found by the court rather than the jury, does not violate constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and state had sovereign authority to administer its penal system.  *Oregon v. Ice*, 555 U.S. 160 (2009).  Consecutive sentences do not violate Ex Post Facto or Due Process Clause when defendant was always subject to consecutive sentences by virtue of *Oregon v. Ice*.  *Hooks v. Sheets,* 603 F.3d 316 (6th Cir. 2010).

Because the question whether Ohio criminal sentences run concurrently or consecutively is a question of Ohio law and because consecutive sentences do not per se violate the United States Constitution, Mr. Hayden's Petition is without merit.

Because the merits question is straightforward, the Court pretermits the more difficult question of whether the Petition is timely.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 2, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).