# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT O. HAYDEN,

        Petitioner,        :    Case No. 3:16-cv-286

  - vs -                                District Judge Walter Herbert Rice
                                      Magistrate Judge Michael R. Merz

GARY MOHR, Director,
 Ohio Department of Rehabilitation
 And Corrections,

                                        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 3) and Supplemental Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition with prejudice (the "Report," ECF No. 2).  Judge Rice has recommitted the case for reconsideration in light of the objections (Recommittal Order, ECF No. 5).

Mr. Hayden pleads one ground for relief:

> **Ground One:**  Petitioner is being held illegal [sic] and being denied his personal liberty, a violation of the constitutions.
>
> **Supporting Facts:**  The record will show that on May 14, 1990, Petitioner was sentence[d] to not less than 10 years and no more than 25 years actual with specification due to his Reform School Sentence.  Petitioner's sentence expired on March 30, 2015, the full 25 years actual.  (See sentencing hearing attached.)  These facts is [sic] further supported by the journal entry attached hereto.  The court gave oral pronouncement of the sentence after being found guilty of rape.

1

(Petition, ECF No. 1, PageID 5.)

The Report found as a matter of procedural history that Mr. Hayden was sentenced by Judge Richard Dodge in 1990 to a term of imprisonment not to exceed twenty-five years on a conviction for rape. That term has obviously expired. But Mr. Hayden had previously been sentenced by Judge William McMillan to a term of five to fifteen years on a different conviction for attempted rape. That sentence had not yet expired when the second conviction occurred. Thus the question was whether the two terms of imprisonment were to be served concurrently or consecutively.

As pointed out in the Report, the Ohio Bureau of Sentence Computation advised Mr. Hayden that, because the second offense was committed while he was still on parole for the first offense, the sentences would automatically run consecutively under Ohio law. Mr. Hayden contested that result, but the Montgomery County Common Pleas Court confirmed this conclusion and Hayden has been unable to get any Ohio appellate court to overturn that conclusion.

The Report concluded Mr. Hayden was not entitled to habeas relief because the facts as he presented them and as shown by the procedural history did not show a violation of the United States Constitution. In particular, it notes that consecutive sentences imposed by state courts are constitutional under recent Supreme Court precedent, *Oregon v. Ice*, 555 U.S. 160 (2009).

Mr. Hayden now raises a variety of objections. He asserts his sentence was increased administratively or that it was done out of his presence and writes of his reasonable expectation of finality, relying on various federal precedent, to wit, *Lewis v. United States*, 146 U.S. 370 (1892); *Hill v. United States,* 298 U.S. 460 (1936)); *Earley v. Murray*, 451 F.3d 71  (2nd Cir.

2006); *United States v. Goetz,* 723 F.2d 911 (6th Cir. 1983); *United States v. Difrancesco*, 449 U.S. 117 (1980).

In *Lewis*, the Supreme Court overturned a conviction where the defendant was not permitted to be present during preliminary challenges to the jury which was found to be an essential part of the trial. The case does not concern sentencing.

In *Hill* the defendant was sentenced to eighteen months imprisonment for tax evasion. The clerk of court included in the warrant of commitment that defendant was to remain in prison until the fines were paid. The Supreme Court held this term of the commitment, which had not been pronounced orally in court, was void. In this case, both Judge McMillan and Judge Dodge pronounced the two separate sentences orally in open court. Judge Dodge did not orally say that the sentence in his case was to be served consecutively to that in Judge McMillan's case. Instead, the sentences are consecutive as a matter of Ohio law. The fact that the sentences are to be served consecutively is not an additional term of Judge Dodge's sentence, but a legal consequence of the fact that Mr. Hayden committed the crime for which Judge Dodge sentenced him while he was still on parole on Judge McMillan's sentence.

In *Earley*, a New York defendant was sentenced to a six-year term of imprisonment. Although New York law required that a term of post-release supervision be imposed, it was not part of the judgment and was added later by the New York Department of Correctional Services. The Second Circuit found this administrative amendment of the judgment was contrary to the Supreme Court's decision in *Hill, supra.*[1]

Although Hayden does not make the point, Ohio law apparently parallels New York law in this area. The Ohio criminal statutes mandate that some defendants serve a term of post-

---

[1] The full case name is *Hill, Warden, v. United States ex rel Wampler.* The Second Circuit abbreviates the case name to *Wampler*.

release control.  When criminal judgments omit that term, they must be amended to include it, and that amendment must be made by a judge, not administratively, even though it is mandatory.  However, Hayden points to no provision of Ohio law that requires including in a judgment the fact that there is another outstanding unsatisfied judgment which must also be served.

In determining that consecutive sentences generally do not have to be based on jury findings, the Supreme Court explained in *Oregon v. Ice, supra*, that consecutive sentencing for separate convictions was the prevailing practice at common law before adoption of the Bill of Rights. 555 U.S. at 169.

*United States v. Goetz*, *supra* (unpublished), stands for the unremarkable proposition that when a sentence is increased, a defendant has the right to be present.  Hayden's sentence(s) were not increased.  They remain as they were pronounced by the two Common Pleas Judges:  fifteen years for one attempted rape, twenty-five years for one completed rape.

In *DiFrancesco*, the Supreme Court held that the right of the United States to seek appellate review of a dangerous special offender sentence did not subject a defendant, who could face a stiffer sentence because of the review, to double jeopardy.  *DiFrancesco* is not relevant here.

A federal habeas court can reverse a state court holding on a constitutional claim only if the holding is contrary to or an objectively unreasonable application of a United States Supreme Court holding.  Mr. Hayden has presented no United States Supreme Court precedent holding that a State may not require by operation of law, without either oral pronouncement in open court or embodiment in a judgment, that two separate sentences for separate criminal convictions are to be served consecutively.  Therefore the Magistrate Judge again respectfully recommends that the Petition be DISMISSED WITH PREJUDICE.  Nevertheless, this case is close enough to *Hill*

that reasonable jurists might disagree about it application. Therefore Hayden should be granted a certificate of appealability if requested.

July 19, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).