IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT O. HAYDEN,

    Petitioner,

v.

GARY MOHR, Director, Ohio
Department of Rehabilitation and
Corrections,

    Respondent.

:
:
:
:
:

Case No. 3:16-cv-286

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #2) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #6); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##3, 4, 7); DISMISSING WITH PREJUDICE PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS (DOC. #1); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; GRANTING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his Report and Recommendations (Doc. #2), and his Supplemental Report and Recommendations (Doc. #6), as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety. Petitioner's Objections to the Report and Recommendations (Docs. ##3 and 4) are OVERRULED for the reasons set forth in the Supplemental Report and Recommendations.

Petitioner's Objections to the Supplemental Report and Recommendations (Doc. #7) are also OVERRULED. In the Court's view, *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936) does not dictate the outcome in this case. In *Hill*, the sentencing judge imposed concurrent sentences of 18 months, and a fine of $5000. The clerk of court subsequently issued a commitment indicating that the defendant was to remain imprisoned until payment of the fine and costs, thereby *substantively* modifying the sentence imposed by the judge. Because "[t]he only sentence known to the law is the sentence or judgment entered upon the records of the court," and the commitment was broader than the judgment, the provision inserted by the clerk was void, and the action was cognizable in habeas. *Id.* at 464-67.

In Petitioner's case, he was convicted of one count of rape. The judge imposed a sentence of 10-25 years. Neither the sentencing transcript nor the Judgment mentions the fact that Petitioner was on parole when the crime was committed, and the judge did not indicate whether the sentence was to be served consecutive to, or concurrently with, the 5-10 year sentence previously imposed. The Ohio Department of Rehabilitation and Correction ("ODRC") determined that Ohio law required that the sentences be served consecutively, making the aggregate sentence 15-40 years. As Magistrate Judge Merz noted, Petitioner's motion to correct the sentence was overruled by the state court. *See* Doc. #1-1, PageID##25-28.

*Hill* is factually distinguishable, given that the ODRC's determination in Petitioner's case did nothing to *substantively* increase the sentence imposed by the court. *See, e.g., Johnson v. New York*, 851 F. Supp. 2d 713, 722-23 (S.D.N.Y. 2012) and (distinguishing cases in which the administrative agency *added* a period of imprisonment or post-release supervision not imposed by the judge from cases in which the agency merely characterizes a sentence as consecutive or concurrent); *Harrison v. Parke*, 917 F.2d 1304 (6th Cir. 1990) (unpublished) ("Because it is a matter of state substantive law whether Harrison's sentences should run concurrently or consecutively, we find that the district court did not err in ruling that Harrison's challenge to his consecutive sentences was not cognizable in a federal habeas corpus proceeding.").

In his Objections to the Supplemental Report and Recommendations, Petitioner also notes that Ohio Revised Code § 2929.14(C)(4) requires the court to make certain findings on the record prior to imposing consecutive sentences. If the court fails to make such findings, the sentences must be served concurrently. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. This statute, however, was not in effect in 1990 when Petitioner was sentenced. Moreover, the section cited applies only when the sentencing judge is imposing "multiple prison terms . . . for convictions of multiple offenses." Given that Petitioner was sentenced to a single prison term for a single conviction, this statute is inapplicable.

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1.

Judgment shall be entered in favor of Respondent and against Petitioner.

Although the Court does not believe that *Hill* governs Petitioner's claim, the Court agrees with Magistrate Judge Merz that reasonable jurists could disagree with this conclusion. Accordingly, the Court grants a certificate of appealability on this issue, along with leave to appeal *in forma pauperis.*

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 25, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE