# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT O. HAYDEN,

                  Petitioner,        :     Case No. 3:16-cv-286

     - vs -                       District Judge Walter Herbert Rice
                                  Magistrate Judge Michael R. Merz

GARY MOHR, Director,
 Ohio Department of Rehabilitation
  And Corrections,
                              :
                Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND JUDGMENT

---

This habeas corpus case is before the Court on Petitioner's Motion to Amend the Judgment pursuant to Fed. R. Civ. P. 59(e)(ECF No. 10). As a post-judgment motion, this matter is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a recommended decision.

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

A motion under Fed. R. Civ. P.  59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence.  *Id.*

> The purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the nonapplicability of second-or-successive limitations. The ten-day limit of Rule 59(e)... applies to an inherent power that a district court has even prior to the entry of judgment. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). That power is "distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered." *Id.* Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because a Rule 59(e) motion only "operates to suspend the finality of the [district] court's judgment," *Miltimore Sales, Inc.*, 412 F.3d at 688 (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978)), it is not a collateral action. Conversely, a Rule 60(b) motion filed more than ten days after entry of final judgment does not toll the deadline for appeals, and thus does not prevent a judgment from becoming final. *Stone v. INS,* 514 U.S. 386, 401, 115 S. Ct. 1537, 131 L. Ed. 2d 465 (1995); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).

*Howard v. United States*, 533 F.3d 472, 474-75 (6th Cir. 2008).

The instant Motion does not claim newly discovered evidence and in fact makes the same argument made before.  Briefly, Hayden was sentenced by Judge Richard Dodge to 10-25 years imprisonment for one count of rape.  The rape was committed while Hayden was on parole from a sentence for attempted rape imposed by Judge William McMillan. As a matter of Ohio law, when that happens, the sentences are automatically to  be served consecutively, as Judge Frances McGee held in Hayden's case when he raised the issue in her court. Because Judge Dodge did not say when imposing sentence that it would be served consecutive to Judge McMillan's.

2

Hayden's position is and has been that the United States Constitution requires the sentences to be concurrent.

In the instant Motion he relies on *Setser v. United States*, 132 S. Ct. 1463 (2012); *Hernandez v. Kelly*, 108 Ohio St. 3d 395 (2006); *Earley v. Murray*, 451 F.3d 71 (2nd Cir. 2006); *Hill, Warden v. United States ex rel Wampler*, 298 U.S. 460 56 S. Ct. 760 (1936); *Odekirk v. Ryan*, 85 F.2d 313 (6th Cir. 1936); and *United States v. Garcia*, 312 Fed. Appx. 801 (6th Cir. 2009) (ECF No. 10, PageID 103-04).

None of these cases establishes a clear or manifest error of law in this Court's judgment. In *Setser* the Supreme Court held that, under federal law, a district court imposing a sentence may order that it run consecutive to an impending state court sentence. It does not hold that state court sentences may not be made consecutive by operation of law, as opposed to being made consecutive at the discretion of one or the other of the sentencing judges.

In *Hernandez*, the Ohio Supreme Court held as a matter of Ohio law, that the Ohio Adult Parole Authority could not impose post-release control when the sentencing court had failed to do so. But imposing post-release control for the first time is different from recognizing the impact, under Ohio law, of committing a new crime while still on parole for a former conviction. Post-release control, which replaced parole in Ohio, is not at issue in this case. *Earley* is similar to *Hernandez* in holding that the New York Department of Correctional services could not administratively impose a term of post-release supervision.

*Hill* is dealt with thoroughly in the prior opinions in this case.

*Odekirk* stands Hayden's argument on its head. After conviction for violating the Prohibition Act and being sentenced to a two-year term of imprisonment, Odekirk jumped bail before being confined, committed a new Prohibition violation, was sentenced to a two-year term,

served that term, and on his release was placed in U.S. Marshal custody for transport to serve the first sentence.  He argued that, in the absence of any indication from either judge that the sentences were to deemed concurrent.  The Sixth Circuit disagreed and held that in the absence of a judicial decision that the terms were to be concurrent, the assumption under federal law was for consecutive sentences.

*Garcia* does not speak to the issue of concurrent or consecutive sentences.

**Conclusion**

Based on the above analysis, it is respectfully recommended that the Court DENY Petitioner's Motion to Amend (ECF No. 10).

September 7, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).