IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT O. HAYDEN,

    Petitioner,

v.

GARY MOHR, Director, Ohio
Department of Rehabilitation and
Correction,

    Respondent.

:
:
:
:
:
:

Case No. 3:16-cv-286

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #11);
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #13);
DENYING PETITIONER'S MOTION TO AMEND JUDGMENT (DOC.
#10)

---

In his § 2254 Petition for Writ of Habeas Corpus, Petitioner alleged that he was being held in violation of his constitutional rights. In 1989, while on parole in an earlier case, Petitioner committed the crime of rape. On May 14, 1990, he was sentenced to 10-25 years. The sentencing judge did not indicate whether this sentence was to be served consecutive to, or concurrent with, the 5-15 year sentence imposed in the earlier case. Nevertheless, the Bureau of Sentence Computation of the Ohio Department of Rehabilitation and Corrections ("ODRC") later informed Petitioner that, because he was on parole when he committed the

rape, Ohio law required that the sentence be served consecutively, resulting in an aggregate prison term of 15-40 years.[1]

Petitioner filed a motion to correct his sentence in the Montgomery County Court of Common Pleas, arguing that the ODRC had improperly administratively altered his sentence. He maintained that his sentence was limited to the 10-25 years imposed by the judge in open court. The court denied his motion, and the Ohio Supreme Court subsequently dismissed his original petition in habeas corpus.

Petitioner then filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, arguing that he is being detained in violation of his constitutional rights. The 25-year sentence imposed by the court expired on March 30, 2015. Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #2, recommending that the Court dismiss the Petition with prejudice. He noted that it is purely a matter of state law whether a second sentence runs consecutive to, or concurrent with, a previously-imposed sentence, and that such a claim is not cognizable in federal habeas corpus. Petitioner filed Objections, Docs. ##3, 4.

The Court recommitted the matter to Magistrate Judge Merz, who issued a Supplemental Report and Recommendations, Doc. #6. He again recommended that the Petition be dismissed with prejudice, noting that Petitioner had cited no Supreme Court precedent holding that a State may not statutorily require that two

---

[1] Former Ohio Revised Code § 2929.41(B)(3) provided that "[a] sentence of imprisonment shall be served consecutively to any other sentence of imprisonment . . . [w]hen it is imposed for a new felony committed by a probationer, parolee, or escapee."

2

separate sentences for two separate convictions be served consecutively, with or without an oral pronouncement by the sentencing judge.  Nevertheless, he recommended that the Court grant a certificate of appealability and leave to appeal *in forma pauperis*, because reasonable jurists could disagree about the application of one of the cases cited by Petitioner, *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936).

In *Hill*, the court imposed a sentence of imprisonment of eighteen months and a fine of $5000.00.  The clerk of court, however, added a provision to the commitment order, indicating that the defendant was to remain imprisoned until he had paid the entire fine.  The Supreme Court found this provision to be void, given that it was broader than the sentence imposed by the court.  "The only sentence known to the law is the sentence or judgment entered upon the records of the court."  *Id.* at 464.

On August 25, 2016, the Court adopted the Reports and Recommendations, and dismissed the Petition with prejudice, but granted a certificate of appealability and leave to appeal *in forma pauperis*.  Doc. #8.

Petitioner then filed a timely Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), citing "error of law, manifest injustice" and "an unreasonable determination of facts of evidence."  Doc. #10.  He continues to argue that ODRC has no authority to administratively alter the sentence orally imposed by the judge, and no authority to decide on its own whether a sentence should be served concurrent with, or consecutive to, a previously-imposed

3

sentence. He notes that sentences are presumed to be concurrent absent a clear statement to the contrary. Citing *Odekirk v. Ryan*, 85 F.2d 313 (6th Cir. 1936), Petitioner further argues that any doubt as to the nature of the sentence imposed should be resolved in his favor, particularly because the judge was aware that Petitioner committed the rape while on parole, yet failed to specify that this was a consecutive sentence.

On September 7, 2016, Magistrate Judge Merz issued a Report and Recommendations, Doc. #11, recommending that the Court deny the Rule 59(e) motion, because none of the cases cited by Petitioner established a clear error of law. In his view, Petitioner had simply reiterated arguments previously rejected by the Court.[2]

On September 16, 2016, Petitioner filed Objections to the Report and Recommendations. Doc. #13. He contends that Magistrate Judge Merz erred in failing to recognize that former Ohio Revised Code § 2929.19(B)(2)(c) required judges to state, on the record, their reasons for imposing a consecutive sentence. *See State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶16. Citing *Odekirk*, and *Hacker v. United States*, 599 F.2d 1055 (6th Cir. 1979),

---

[2] On September 8, 2016, Petitioner filed a Notice of Appeal of the Court's August 25, 2016, Decision and Entry. Doc. #12. This Notice of Appeal, however, was ineffective given that this Court had not yet ruled on the pending Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv) and (B)(i). The Sixth Circuit has held the case in abeyance until this Court issues a decision. Doc. #14.

4

Petitioner again argues that any ambiguities with respect to the nature of the sentence imposed must be resolved in his favor.

Petitioner's Objections, Doc. #13, to the Report and Recommendations are OVERRULED.  As Magistrate Judge Merz noted, none of the cases cited by Petitioner establishes a clear error of law.  The Sixth Circuit has held that "it is a matter of substantive state law" whether sentences should run concurrently or consecutively, and this issue is "not cognizable in a federal habeas corpus proceeding." *Harrison v. Parke*, 917 F.2d 1304 (6th Cir. 1990) (unpublished).

As the Supreme Court held in *Hill*, a sentence imposed by a judge cannot be substantively modified by another entity.  Nevertheless, for reasons discussed in this Court's August 25, 2016, Decision and Entry, Doc. #8, the Court believes that *Hill* is factually distinguishable.  In contrast to *Hill*, where the clerk of court substantively modified the sentence imposed by the judge, the ODRC in this case simply determined that, under Ohio law, because Petitioner was on parole when he committed the new crime, the sentence imposed had be served consecutive to the earlier sentence.  The judge's silence on this matter was of little import, because the judge had no discretion in the matter.  Given that *Odekirk* and *Hacker* involved *federal* sentencing issues, and the judges in those cases had *discretion* to impose concurrent or consecutive sentences, those cases are inapposite.

Under the circumstances presented here, the ODRC's application of the Ohio statute in calculating the aggregated sentence cannot be said to violate Petitioner's

5

constitutional rights.  Petitioner has failed to establish any legal basis for altering or amending the previous judgment.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations, Doc. #11, as well as on a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety, and OVERRULES Petitioner's Motion to Amend Judgment, Doc. #10.  The above-captioned case shall remain terminated on this Court's docket.

The certificate of appealability and leave to appeal *in forma pauperis*, granted in this Court's August 25, 2016, Decision and Entry, Doc. #8, are still applicable.

Date: September 27, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE


Copies to:    Petitioner
              Counsel for Respondent
              Clerk of Court, Sixth Circuit Court of Appeals

6